FREDERICKSON, Respondent, vs. AYER, Appellant.

*April 15 — May 1, 1896.*

*Contracts: Construction: Premature action.*

Under a contract by which the hauling of ties was to be paid for by defendant "within five days after notice has been received by" him "that all ties have been delivered, and after same have been counted by" him, "and known to be delivered as claimed," an action commenced four days after the ties were counted is *held* to have been prematurely brought, although, several days before the counting, plaintiff had notified defendant that the ties were all hauled and asked him to come and count them, where such notice did not state the number nor what the plaintiff claimed respecting them.

APPEAL from a judgment of the circuit court for Polk county: E. B. BUNDY, Judge. *Reversed.*

Action to recover the contract price for hauling ties under a written agreement. The facts are stated in the opinion.

*F. B. Dorothy,* for the appellant.

For the respondent there was a brief by *Geo. D. McDill,* attorney, and *H. W. Chynoweth,* of counsel, and oral argument by *Mr. Chynoweth.* They contended, *inter alia,* that the proper construction of the contract is that the money should not be due until five days after notice; that within five days the defendant should count and ascertain the fact of delivery, or if not, show some good reason why

it was not done within that time; or, at all events, that a counting and ascertainment of the delivery after the five days would make the debt due immediately.

CASSODAY, C. J.  It appears from the record that July 6, 1893, the plaintiff, of Polk county, entered into an agreement in writing with the defendant, of Chicago, wherein and whereby the plaintiff agreed to take from the stumps on lands therein described, and haul to the station known as "Spur No. 3," on the line of the Soo Railway, 1,000 ties, bearing the blue paint dot mark in use by the defendant, and pile them up in good shape at said spur, convenient to the side track for loading, said ties to be delivered on or before August 15, 1893, at said spur, for which the defendant agreed to pay ten cents for each of said ties, or more if the plaintiff desired to haul more within the time specified; that the hauling of said ties should be paid for "within five days after notice has been received by" the defendant "that all ties have been delivered, and after the same have been counted by" the defendant, "and known to be delivered as claimed;" that if the ties specified, or any part thereof, were not delivered August 15, 1893, then the plaintiff should only be paid eight cents each for all ties so hauled; that Saturday, August 5, 1893, the plaintiff wrote the defendant to the effect that he had all the ties hauled, and wished the defendant would come Monday and count them, so as to see it was all right; that Monday, August 7, 1893, the defendant caused a letter to be written to the plaintiff to the effect that he would be out Wednesday morning to load out the ties, when he would count up the plaintiff's, and asking the plaintiff if he could not get the balance of the ties in; that that letter was received by the plaintiff in due course of mail; that the defendant was at Spur No. 3 station Wednesday, August 9, 1893, to count the ties, but the plaintiff was not there, and no ties were counted on that day; that Friday, August 11,

1893, the parties met at Spur No. 3, and counted the ties, and the defendant accepted the same; that August 15, 1893, the plaintiff commenced this action, and attached the defendant's property as a nonresident, to recover $106.80 for hauling 1,068 ties at ten cents each, as prescribed in the contract.

The defendant answered and alleged, in effect, that August 16, 1893, the defendant tendered to the plaintiff the sum of $106.80 in payment for said ties, but that the plaintiff refused to receive the same; that the action was commenced August 15, 1893; that the defendant specifically pleaded that the action had been prematurely brought, and that said sum of $106.80 was not due or payable to the plaintiff until August 17, 1893, according to the terms of the contract, and prayed that the action be dismissed.

At the close of the trial the court directed a verdict in favor of the plaintiff for $106.80, with interest from August 15, 1893, amounting to $108.40. From the judgment entered thereon accordingly the defendant brings this appeal.

The written contract gave to the defendant five days within which to make payment "after" he had received notice that all the ties had been delivered, " *and after* " the same had " *been counted by* " the defendant, "and known to be delivered *as claimed.*" It is undisputed that the ties were not so counted until August 11, 1893, and that the action was commenced on the fourth day thereafter. The notice given by the plaintiff to the defendant, to the effect that all the ties had been hauled, did not state the number, nor what the plaintiff claimed respecting the same. It assumed that the ties were to be counted by the defendant, and that he was to have an opportunity of seeing that the ties were delivered at the place and marked and piled "all right" and " *as claimed* " by the plaintiff. The contract contemplated an opportunity for such mutual conference or understanding in respect to the ties and the amount to be paid there-

for before the five days should begin to run. We are constrained to hold that either the nonsuit should have been granted or a verdict directed in favor of the defendant on the ground that the action was prematurely commenced.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.